# IN THE SUPREME COURT, STATE OF WYOMING

# 2026 WY 71

APRIL TERM, A.D. 2026

July 6, 2026

JOSHUA MICHAEL IDLER,

Appellant
(Respondent),

v.

S-25-0301

ASHLEY NICOLE IDLER,

Appellee
(Petitioner).

*Appeal from the District Court of Crook County*
The Honorable Michael J. McGrady, Judge

*Representing Appellant:*
Corrie Lynn Lamb, Sheperd Law, LLC, Gillette, Wyoming.

*Representing Appellee:*
Nila Jeanne Core, Core Legal, LLC, Laramie, Wyoming.

*Before BOOMGAARDEN, C.J., GRAY, FENN, JAROSH, and HILL, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**JAROSH, Justice.**

[¶1] Ashley Idler (Mother) and Joshua Idler (Father) are divorced. Pursuant to the district court's decree of divorce, Mother has sole legal and physical custody of their ten children, and Father, who is incarcerated, has strictly restricted visitation. The decree of divorce also assigns nearly all the marital debt to Father. Father appeals. Because Father's briefs lack cogent argument, we summarily affirm.

## ISSUES

[¶2] In his opening brief, Father presents nine issues for review on appeal:

(1) Whether the disproportionate division of property improperly penalized Mr. Idler in the district court's consideration of the merits of the parties, and the conditions the parties will be left in after the divorce[?]

(2) Whether the district court abused its discretion in failing to give proper consideration to the debts, a calculation of the total therein, and for whom the debts and assets would be assigned therein, and the assignment of assets to accommodate or provide for said debts[?]

(3) Whether the district court could properly, and without unfairly punishing one party or the other, distribute property and debts where evidence as to the value of the same was not presented to the trial court?

(4) Can the district court make assumptions about a party's financial condition based upon incomplete information, without requiring supplementation, and to the detriment of the other party when dividing the marital estate amongst the same?

(5) Can the district court assign joint debt to Father without a date certain to establish the amount of debt Father is assigned?

(6) Whether the district court committed reversable error by not providing for a resolution if the minor children desired contact or visitation with Mr. Idler, but Mrs. Idler was not in agreement based on her own healing[?]

(7) Whether or not the district [court] committed reversible error when it ordered visitation with the minor children contingent on exposing the alleged abused co-parent to continued trauma from the historic domestic violence between Mother and Father[?]

1

(8)     Should Mother's "recovery and sense of safety," be considered in the tailoring of a visitation and custody decision by the district court when considering the minor children's best interests? How does this weigh against the minor children's interests in familia[l] association and Father's interests in the raising and association with his children?

(9)     Whether the district court committed reversable error by not awarding the Father joint and graduated contact with the minor children as they and/or he is reasonably able to articulate the contact, with children who were not victims of, and likely will not be able to remember the violence that existed in the marital household pursuant to the criminal conviction charges that Father plead to?

In her brief, Mother states two issues: (1) whether the district court abused its discretion in limiting Father from visiting the minor children; and (2) whether the district court abused its discretion in dividing the marital property and debts. Mother also asserts Father's appeal lacks cogent legal argument to support the issues he presents.

[¶3]   In his reply brief, Father raises four issues not presented in his opening brief:

(1)     Appellee continues to make unsubstantiated claims [sic] discovery disputes that [occurred] between the parties which have no relevance to this appeal. Appellant's brief fails to ask this Court to reconsider the trial court's decision to deny all pending motions against both Appellant and Appellee for sanctions and contempt. Appellee's unilateral and inaccurate summary of the discovery disputes between parties serve only as an attempt to improperly denigrate and disparage Appellant and should not be taken into consideration.

(2)     Did the District Court abuse its discretion to assign debts to Appellant that are completely unsupported by the evidence and incongruent with the testimony?

(3)     Did the District Court abuse its discretion by assuming unilateral control over the finances when the evidence and the testimony did not support the same?

(4)     Did the District Court abuse its discretion when it admitted Plaintiff's Exhibit 7?

**FACTS AND PROCEEDINGS**

[¶4]    Mother and Father were married April 18, 2008, and separated January 9, 2023. Their marriage resulted in ten children, and all were minor children when Mother filed her divorce complaint in 2023.

[¶5]    The district court proceedings, and Father's criminal history, reveal a pattern of severe and chronic domestic violence within the marital relationship.  The minor children witnessed many of Father's violent episodes and Father directed physical force or threats toward the children on multiple occasions.  In 2021, Father pled guilty to felony child abuse, reckless endangering, and domestic violence battery.  He received a two-to-six-year sentence, which was suspended in favor of three years' probation.  While on probation, Father was charged with two counts of felony child abuse and one count of aggravated assault and battery against then pregnant Mother.  After pleading guilty, Father was sentenced to eight-to-ten years for each of the three charges, to run concurrently.  The district court also reinstated Father's original two-to-six-year sentence from his 2021 crimes.  Father is currently incarcerated for these crimes.

[¶6]    Mother's complaint for divorce sought sole physical and legal custody of all the children.  After a two-day bench trial, the district court's decree of divorce dissolved the marriage and granted Mother sole custody of the minor children.  The decree also denied Father any immediate visitation with the minor children, established conditions for future visitation with the children, awarded Mother the marital home, awarded Father the snow removal and landscaping business, and assigned all marital debt to Father with the exception of the mortgage on the marital home and associated utilities.  Father appealed.

## DISCUSSION

[¶7]    The longstanding rule of this Court is to summarily affirm "cases or issues in cases that are not presented with cogent argument or pertinent authority."  *In Interest of BFW*, 2017 WY 64, ¶ 5, 395 P.3d 184, 185 (Wyo. 2017) (quoting *Hamburg v. Heilbrun*, 891 P.2d 85, 87 (Wyo. 1995)).  "The decision whether to dismiss an appeal or summarily affirm a lower court's decision based upon the filing of a deficient brief or the failure to present cogent arguments is within the discretion of this Court."  *McInerney v. Kramer*, 2023 WY 108, ¶ 9, 537 P.3d 1146, 1148 (Wyo. 2023) (citing W.R.A.P. 1.03; and *In Interest of BFW*, ¶ 5, 395 P.3d at 185).  "When a brief contains no cogent argument or pertinent authority, we consistently have refused to consider the appeal, whether the brief is by a litigant pro se or is filed by counsel."  *McInerney*, ¶ 9, 537 P.3d at 1148 (citing *Corrigan v. Vig*, 2020 WY 148, ¶ 7, 477 P.3d 87, 89 (Wyo. 2020); *Harrison v. State*, 2020 WY 43, ¶¶ 2-3, 460 P.3d 260, 261 (Wyo. 2020); and *Hamburg*, 889 P.2d at 968).

[¶8]    Wyoming Rule of Appellate Procedure (W.R.A.P.) 7.01 requires the appellant's brief to set forth "Appellant's contentions with respect to the issues presented and the reasons therefor, with citations to the authorities, statutes and pages of the designated record on appeal relied on[.]"  W.R.A.P. 7.01(g)(1).  Father's brief does not comply with

Rule 7.01 because it lacks cogent argument. Although Father presents nine issues for review, he does not substantiate or discuss the issues presented with supporting argument. Instead, Father recites Wyoming's disposition and maintenance of children statute (incorrectly cited as Wyo. Stat. Ann. § 20-2-101(a) (Void and Voidable Marriages)), and dedicates five pages to recounting, generally, the facts and holdings of several Wyoming Supreme Court opinions on domestic relations. Father concludes his brief with a single paragraph of argument:

> In the matter at hand, the district court assigned all of the debt accumulated by both parties, without a date certain to cut off the accumulation of the debt, to Father. This Court, simultaneously assigned all major assets with enough value to pay for the same debt, to Mother, without any obligation to pay off the same. Given the disparity of the asset and debt assignment, lack of information to support it, and lack of specificity regarding all things assigned, the district court appeared to be punishing Defendant in excess of his sentence that he is criminally serving, and deprived him of his rights to property accumulated by his efforts during the marriage to Mother. This is an abuse of discretion, and the Court provides no explanation for such an inequitable distribution.

Father's failure to connect the general legal statements in his brief with the facts of his case and the nine issues he presented warrants summary affirmance. *See Small v. Convenience Plus Partners, Ltd.*, 6 P.3d 1254, 1256 (Wyo. 2000) (summarily affirming district court where appellant cited general legal principles but offered no "specific cogent argument or authority" to support the assertions made on appeal).

[¶9]   Father's opening brief suffers from other deficiencies — including the absence of page references, a table of contents, and table of authorities — some of which Father corrected with a notice of errata. *See* W.R.A.P. 7.01 (b), (c), & (f). Nonetheless, Father's errata filing does not rectify the absence of cogent legal argument. *See In Interest of BFW*, ¶ 6, 395 P.3d at 185 (summarily affirming district court solely on appellant's failure to advance a cogent argument).

[¶10] Father's reply brief is likewise deficient. Reply briefs are intended "to allow the appellants the opportunity to address issues and arguments raised by the appellees." *RT Communications, Inc. v. Wyo. State Bd. of Equalization*, 11 P.3d 915, 927 (Wyo. 2000); *see also* W.R.A.P. 7.03(a) ("A reply brief is limited to such new issues and arguments, and a failure to comply with these requirements may subject the party to sanctions under these rules including the reviewing court disregarding appellant's reply brief."). In his reply brief, Father improperly includes four new issues and provides an account of discovery disputes that occurred before trial. The brief also includes a description of the parties' disagreements at trial about credit cards, with inconsistent record citations. The reply brief does not address any issues presented or legal arguments raised by Mother in her brief;

4

instead, it seemingly reacts to two indeterminate paragraphs in Mother's statement of facts. Father's reply brief also offers no citation to any pertinent legal authority. We will not consider Father's assertions because his reply brief contravenes W.R.A.P. 7.03(a), lacks cogent argument in response to issues raised in Mother's brief, and fails to cite any pertinent legal authority. *See Budd-Falen Law Offices, P.C. v. Rocky Mountain Recovery, Inc.*, 2005 WY 77, ¶ 17, 114 P.3d 1284, 1289 (Wyo. 2005) (disregarding elements of a reply brief that addressed issues not raised by the appellee); *see also Black v. William Insulation Co., Inc.*, 2006 WY 106, ¶ 20, 141 P.3d 123, 131 (Wyo. 2006) (declining to consider issues raised in reply brief due to the lack of cogent argument).

[¶11]  Father is represented by counsel in this appeal. We apply stringent standards to formal pleadings drafted by attorneys. *McInerney*, ¶ 9, 537 P.3d at 1148 (citation modified) (citations omitted). Consequently, we summarily affirm the decree of divorce entered by the district court.

[¶12]  Mother requests an award of costs and attorney fees under W.R.A.P. 10.05, which allows us to grant "a reasonable amount for attorneys' fees and damages to the appellee" if we certify "there was no reasonable cause for the appeal." W.R.A.P. 10.05(b). We decline to assess attorney fees. *See Crittenden v. Crittenden*, 2024 WY 52, ¶ 7, 547 P.3d 977, 979 (Wyo. 2024) (exercising discretion to not award attorney fees after summarily affirming the district court order). Mother, however, is entitled to an appropriate award of costs associated with this appeal.

[¶13]  Affirmed.